O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LUANDA BOND, | ) | CASE NO. ED CV 08-00557 (RZ) |
|         Plaintiff, | ) | |
|   vs. | ) | MEMORANDUM OPINION AND ORDER |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) | |
|         Defendant. | ) | |

In *Ceguerra v. Secretary of Health & Human Services*, 933 F.2d 735, 738 (9th Cir. 1991), the Court of Appeals wrote that "a reviewing court can evaluate an agency's decision only on the grounds articulated by the agency. *See SEC v. Chenery Corp*., 332 U.S. 194, 196, 67 S. Ct. 1575, 1577, 91 L. Ed. 1995 (1947)." In subsequent Social Security cases, the Court of Appeals has adhered to this standard. *See Pinto v. Massanari*, 249 F.3d 840, 847(9th Cir. 2001); *Connett v. Barnhart*, 340 F.3d 871, 873 (9th Cir. 2003). The Court declines the Commissioner's implicit request to depart from those holdings in this case.

The first issue Plaintiff raises here is that the Administrative Law Judge did not consider the third party questionnaire of Plaintiff's friend, Adriona Carr. Clear Ninth Circuit authority, noted as recently as July 20, 2009, requires that information from such

third parties be considered. *Valentine v. Commissioner of Social Security*, ___ U.S. ___, slip opinion No. 08-35374 (9th Cir. July 20, 2009); *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993). Defendant's answer to the failure to comply with this authority is that the statement of the Plaintiff's friend was "discordant" with the medical evidence. Whether or not that would be a sufficient reason had the Administrative Law Judge given it, the fact remains that the Administrative Law Judge did not make any such statement, and the Court only can review what he did in fact say. *Ceguerra, supra.* Furthermore, this Court cannot say that, had the information been fully credited, no reasonable administrative law judge could have reached a different result. Accordingly, the failure to address the statement cannot be considered harmless error. *Stout v. Commissioner, Social Security Administration*, 454 F.3d 1050, 1056 (9th Cir. 2006).

Defendant's answer to Plaintiff's second issue suffers from the same deficiency. When Plaintiff asserts that the Administrative Law Judge did not address her claimed reaction to taking Wellbutrin, Defendant does not respond that he did, but rather that the record would support such a conclusion. Perhaps; perhaps not. The salient point is that the Administrative Law Judge did not rule on the matter in addressing Plaintiff's symptoms.

The errors with respect to these two issues require a remand to the agency. In light of that fact, the Court need not consider, at this time, the other two issues Plaintiff raises. It is possible that the way the Administrative Law Judge considers the matters on remand may affect the outcome on the remaining issues. Accordingly, the Court does not address them on the present record.

///
///
///
///
///
///

In accordance with the foregoing, the decision of the Commissioner is reversed, and the matter is remanded to the Commissioner for further proceedings consistent with this Memorandum Opinion.

IT IS SO ORDERED.

DATED: July 22, 2009

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE